FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2022 NOV -7 PM 4:02

MARGARET BOTKINS, CLERK
CASPER

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| RAYMOND B. WHITAKER,<br><br>Plaintiff,<br><br>VS.<br><br>THE DENVER POST, INC.,<br>a Colorado corporation;<br>THE TIMES MIRROR COMPANY,<br>a California corporation;<br>CHEYENNE NEWSPAPERS, INC.,<br>a Wyoming corporation;<br>UNITED PRESS INTERNATIONAL,<br>a New York corporation; and<br>ASOCIATED PRESS,<br>a New York corporation,<br><br>Defendants. | Case No. C75-127 |

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO UNSEAL DOCUMENTS

This matter comes before the court on the *Motion of Stephen Klein to Unseal Documents* (ECF No. 2). Having reviewed the Motion, requested documents and applicable law the Court will GRANT IN PART and DENY IN PART the Motion.

### BACKGROUND AND DISCUSSION

This case originated in 1975 when Plaintiff brought suit against various newspaper and news outlets for the alleged defamation of him. This alleged defamation arose from the publication by defendants of newspaper articles in June and July of 1974 concerning the alleged purchasing of stolen firearms in the early 1970s by Plaintiff, who was a

1

Wyoming political figures at the time and running for public office. The issues raised and events that were the subject of the case and filings, most of which are depositions, due to their age and subject matter no longer appear to raise countervailing interest that heavily outweigh the public's interest in access to judicial records and thus their continued sealing.[1] *See United States v. Bacon*, 950 F.3d 1286, 1292-95 (10th Cir. 2020) (in order to maintain the sealing of a documents previously sealed burden is on party opposing release to show sufficiently significant interests continue to justify override of presumption of public access). The only exception remains those portions of the deposition transcripts of Eileen M. Whitaker, who was Plaintiff's spouse. Based upon spousal privilege, Judge Kerr directed certain portions of her testimony be stricken from the transcript (ECF No. 209.) That ruling remains valid today. *Curran v. Pasek*, 886 P.2d 272, 276-78 (Wyo. 1994). Regardless, in accordance with Judge Kerr's order those identified portions of the transcript were stricken from Ms. Whitaker's depositions and remain unavailable for review or even consideration by this Court. Therefore, the Court will grant the Motion of Stephen Klein to Unseal Documents (ECF No. 2), except for the redacted portions of Eileen M. Whitaker's depositions identified as being subject to the spousal privilege and redacted.

---

[1] It is not entirely clear that the discovery documents and exhibits is this case remain sealed. On November 6, 1978, Judge Kerr entered an order granting then plaintiff's motion for a protective order sealing and directing the nondisclosure of all discovery in the case until the general election of 1978 had concluded. (ECF No. 271). However, that same Order directed "that the discovery documents and exhibits in this action be sealed until November 21, 1978, at which time the protective order is to be terminated unless the plaintiff further justifies its necessity." *Id.* No further justification appears to have ever been submitted.

## CONCLUSION AND ORDER

**IT IS THEREFORE ORDERED** the *Motion of Stephen Klein to Unseal Documents* (ECF No. 2) is GRANTED IN PART and DENIED IN PART as consistent with this Order. With the exception of those portions of Eileen M. Whitaker's deposition containing communications subject to the spousal privilege, the public shall be given access to all remaining exhibits, discovery and filings.

Dated this 7th day of November, 2022.

*/s/ Scott W. Skavdahl*
Scott W. Skavdahl
United States District Judge